HANOVER FIRE INSURANCE COMPANY *vs.* ELI B. AMES.

CITIZENS' FIRE INSURANCE COMPANY *vs.* ELI B. AMES.

August 28, 1888.

Insurance Agent — Violation of Instruction — Notice — Liability to Company.—The plaintiffs' general agent notified a subordinate clerk in the office of the defendant, who was a local insurance agent for the plaintiffs in Minneapolis, not to take any risks for the plaintiffs in or upon a certain business block located in block 62, Minneapolis. The clerk did not notify defendant personally, but, in the usual course of business, entered the direction in the "Block Book" of the defendant,

which contained a record of the lots and blocks of the city, and the buildings located thereon, and upon which entries and *memoranda* affecting insurance risks and renewals were made; but in making such entry he omitted a reference to the building, and made the entry generally, notifying the defendant to take no new risks in block 62.   Upon an application for insurance upon the building in question, the managing agent of the defendant examined the Block Book, and noticed the entry ·as actually made; but, owing to its general nature, disregarded it, and took a risk for plaintiffs thereon.   *Held,* that this notice, as actually entered, was sufficient to put him upon inquiry, and bound the defendant.

These two actions were brought in the district court for Hennepin county, and by stipulation were tried together as one action, before *Rea,* J., and a jury.   A verdict was rendered for each plaintiff, and the defendant appeals from an order refusing a new trial.

*Hart & Brewer,* for appellant.

*Lusk & Bunn,* for respondents.

VANDERBURGH, J.   Defendant was the local agent of the plaintiffs at Minneapolis, and authorized to take insurance risks, and issue and renew policies, for the plaintiffs, subject to instructions given by plaintiffs or their general agents.   One Page was plaintiffs' general state agent, also residing at Minneapolis.   He was authorized to superintend all local agents, including the defendant, to supervise risks, and direct as to the cancellation and renewal thereof.   Upon one lot in block 62, in the city of Minneapolis, was situated a building, including several stores, known as the "Warner block," one of the occupants in which held a policy issued by plaintiffs through this defendant as agent, which expired April 17, 1887, and which policy was entered in the "policy register" furnished by the plaintiffs, and kept by defendant.   Upon this register the state agent was accustomed to make entries and *memoranda* of instructions in respect to risks therein appearing.   On the 18th day of April, 1887, he went to defendant's office, and entered upon this register, opposite the memorandum of this policy just referred to, a direction "not to renew, and not to give the company any more business in the Warner block;" and also directed the attention of a subordinate clerk in the office, one Hagenmeyer, to the entry he had made, and informed him of the sub-

stance of the order,—the defendant himself not then being present. The risk referred to was not, however, renewed, and the defendant had no occasion in the course of his business to consult the register in respect to renewing the same. The defendant also kept in his office, for use in his business, a book known as the "block book," which contained plats of the lots and blocks in the city, with notes indicating the buildings thereon. A notation was also made in this book of policies issued by the plaintiffs or others, with *memoranda* of any special instructions in respect to any particular block or building. Defendant used this book to refer to, in placing insurance, for information in reference to insurance already existing, and for instructions in reference thereto. It was the duty of the clerk Hagenmeyer to keep the block book, and make the entries therein, and it was his duty to make an entry therein of the directions given by the state agent, and entered in the policy register, as to the risks in the Warner block. He failed to report the instructions to his superiors, but did write in the block book, on the page therein containing the plat of block 62, in which the Warner block was situated, a direction "not to write any insurance in this block for the New York Underwriters;" omitting, however, any distinct reference to the building known as the Warner block. The "New York Underwriters" was a designation of the plaintiffs well understood. The defendant did not have occasion to consult the policy register in respect to renewals of plaintiffs' policies in the Warner block, but in July following an application for insurance by a tenant therein was made to him; and his managing clerk, who had general charge of the business in his office, thereupon examined the block book according to the usage of the business, and discovered the memorandum made by Hagenmeyer; but, inasmuch as it referred to the whole block, he concluded it must be an error, and, without further examination or inquiry, decided to disregard it, and accordingly issued the policy on behalf of these plaintiffs. A loss soon after occurred, and hence this suit.

The instructions were authoritatively entered in the block blook, according to the usual course of business, well known to the defendant, and made for a definite purpose of regulating the conduct of the defendant in placing risks. They could not, therefore, be safely disre-

garded. The entry was not accurately made; but as it related to the business of the company, and was definite and unambiguous on its face, it was the duty of the agent to make inquiry before taking action in the premises. It was certainly sufficient to put him upon inquiry, which might easily have been made of the state agent, if not of Hagenmeyer, for aught that appears. The information derived from the block book by the agent before issuing the policy must be held, therefore, sufficient notice to the defendant. As the decision of the trial court is clearly sustainable on this ground, it is not necessary to consider other points in the case.

Order affirmed.